James R. LOGAN, Appellant

v.

UNITED STATES of America, Appellee.

No. 15883.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 10, 1960.

Decided Nov. 17, 1960.

Mr. Joseph Rotwein, Washington, D. C., (appointed by the District Court) for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before Mr. Justice REED, retired,* and EDGERTON and WASHINGTON, Circuit Judges.

PER CURIAM.

This appeal brings before the court a conviction of appellant for a September, 1959, housebreaking adjudged by the United States District Court for the District of Columbia. Two grounds for reversal are urged.

*First.* Was there sufficient evidence of defendant's insanity at the time of the alleged crime to require that a requested and refused instruction on insanity should have been given?

There was testimony that defendant "was registered as an active patient" at the District Child Guidance Clinic from July 29, 1952, through November 16, 1954, and also testimony of actions when drinking "different from what other people would do" in the same condition. Testimony was admitted that a recent mental hospital report showed no mental defect existing about the time of the charged act.

*Second.* Refusal of the trial court to permit certain records of the Bureau of Mental Health containing a psychiatric prognosis as to appellant's sanity made by a physician who has since died, to be introduced into evidence, or to be used as the basis for opinion testimony by another physician.

We conclude that the first ground requires a reversal. A defendant on a criminal charge is entitled to an instruction on mental capacity if competent evidence is introduced of impaired mentality. The testimony referred to above requires in this jurisdiction an instruction on insanity. Tatum v. United States, 88 U.S.App.D.C. 386, 389, 190 F.2d 612, 615.

As another trial may again raise the question as to the introduction of the records of the Bureau of Mental Health, we add that these records, by reason of a controlling opinion of this court, are not

* Sitting by designation pursuant to Sec. 294(a), Title 28, U.S.Code.

admissible either directly or indirectly through the testimony of another physician. Lyles v. United States, 103 U.S. App.D.C. 22, 28, 254 F.2d 725, 731, certiorari denied 356 U.S. 961, 78 S.Ct. 997, 2 L.Ed.2d 1067.

Judgment reversed.